**1711-CC00777**

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE ELEVENTH JUDICIAL CIRCUIT**
**COUNTY OF ST. CHARLES**

| | |
|---|---|
| **SWINTER GROUP, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SERVICE OF PROCESS AGENTS,** | ) |
| **INC.,** | ) |
| | ) |
| Serve: | ) |
| Henry E. Seaton, Reg. Agent | ) |
| Seaton & Husk, LP | ) |
| 2240 Gallow Road | ) |
| Vienna, VA 22182 | ) |
| | ) |
| or | ) |
| Henry E. Seaton, Reg. Agent | ) |
| 8205 Hillcrest Road | )   **JURY TRIAL DEMANDED** |
| Annandale, VA 22003 | ) |
| | ) |
| **DOUGLAS SCOTT KAISER,** | ) |
| | ) |
| Serve: | ) |
| c/o Seaton & Husk, LP | ) |
| 2240 Gallows Road | ) |
| Vienna, VA 22182 | ) |
| | ) |
| or | ) |
| 14509 Swissair Place | ) |
| Chantilly, VA  20151 | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOHN DOES 1-10,** | ) |
| | ) |
| **Defendants.** | ) |

## CLASS ACTION JUNK-FAX PETITION

Plaintiff Swinter Group, Inc., brings this junk-fax class action, on behalf of

itself and all others similarly situated, against Defendants Service of Process

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

Agents, Inc., Douglas Scott Kaiser, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Swinter Group, Inc. (Swinter) is a Missouri corporation in good standing with the Missouri Secretary of State.

2.     Defendant Service of Process Agents, Inc. (SPA) was incorporated in Tennessee and remains in good standing in Tennessee.

3.     The principal place of business of SPA is in Virginia.

4.     SPA is not registered with the Virginia Secretary of State.

5.     SPA is not registered with the Missouri Secretary of State to transact business in Missouri.

6.     SPA does not have a certificate of authority issued by the Missouri Secretary of State.

7.     Neither "SPA," "Service of Process Agents," nor "Service of Process Agents, Inc.," is registered as a fictitious name with the Missouri Secretary of State.

8.     Defendants John Does 1-10 are not presently known.

9.     Missouri Revised Statutes § 351.574.4 states, in part, that "[e]very foreign corporation now doing business in or which may hereafter do business in this state without a certificate of authority shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

jurisdiction."

10.     Missouri Revised Statutes § 417.20 states "[t]hat every name under which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein required."

11.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

12.     Venue is proper under Missouri Revised Statutes § 508.010.2.

### THE FAX

13.     On or about August 31, 2015, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 678-0116 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

14.     Plaintiff received the Fax through Plaintiff's facsimile machine.

15.     The Fax constitutes material advertising quality or commercial availability of any property, goods, or services.

16.     The Fax advertised a service offered by SPA.

3

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

17.     The bottom of the Fax contains no opt-out notice whatsoever.

18.     A true copy of SPA's home page, www.processagents.net (which transfers automatically from www.BOC3NOW.com) (last visited Aug. 8, 2017), is attached as **Exhibit 2**.

19.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

20.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

21.     On information and belief, Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

22.     Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

23.     Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

24.     The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

25.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)     The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)     The notice includes—

(1)     A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)     The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

26.     The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

27.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

28.    On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

29.    Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

30.    Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

31.    Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

32.   The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this class action on behalf of the following class of

persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to
> the filing of this action, (1) were sent by or on behalf of Defendants
> a telephone facsimile message of material advertising the
> commercial availability or quality of any property, goods, or
> services, (2) with respect to whom Defendants cannot provide
> evidence of prior express invitation or permission for the sending
> of such fax or (3) with whom Defendants did not have an established
> business relationship, and (4) the fax identified in subpart (1) of
> this definition (a) did not display a clear and conspicuous opt-out
> notice on the first page stating that the recipient may make a
> request to the sender of the advertisement not to send any future
> advertisements to a telephone facsimile machine or machines and
> that failure to comply, within 30 days, with such a request meeting
> the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful,
> (b) lacked a telephone number for sending the opt-out request, or
> (c) lacked a facsimile number for sending the opt-out request.

34.     Excluded from the Class are Defendants, their employees, agents,

and members of the judiciary.

35.     This case is appropriate as a class action because:

a.     Numerosity.  On information and belief, based in part on review of

the sophisticated Fax and online research, the Class includes at least 40

persons and is so numerous that joinder of all members is impracticable.

b.     Commonality.  Questions of fact or law common to the Class

predominate over questions affecting only individual Class members, e.g.:

    i.     Whether Defendants engaged in a pattern of sending
unsolicited fax advertisements;

    ii.     Whether the Fax, and other faxes transmitted by or on behalf
of Defendants, contains material advertising the commercial
availability of any property, goods or services;

8

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

iii.  Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv.  The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

v.  Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi.  Whether Defendants violated 47 U.S.C. § 227;

vii.  Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

viii.  Whether Defendants violated 47 C.F.R. § 64.1200;

ix.  Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.  Whether the Court should award statutory damages per TCPA violation per fax;

xi.  Whether the Court should award treble damages per TCPA violation per fax; and

xii.  Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.  <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.  <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 80 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

e.      <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1).

37.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

38.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

10

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

39.    The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

40.    Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

    a.    receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

    b.    Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

    c.    Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

    d.    Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

41.    Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

42.    Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

43.    Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a.    certify this action as a class action and appoint Plaintiff as Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.    award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.    enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.    award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.    award Plaintiff prejudgment interest and costs; and

i.    grant Plaintiff all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

Electronically Filed - St Charles Circuit Div - August 09, 2017 - 04:59 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Mary B. Schultz
      Mary B. Schultz, #38245
      Ronald J. Eisenberg, #48674
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005
      636-537-4645
      Fax:  636-537-2599
      reisenberg@sl-lawyers.com
      mschultz@sl-lawyers.com

      *Attorneys for Plaintiff*



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1711-CC00777 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MARY B SCHULTZ<br>640 CEPI DRIVE, SUITE A<br>CHESTERFIELD, MO  63005-1221 |
| Defendant/Respondent:<br>SERVICE OF PROCESS AGENTS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   SERVICE OF PROCESS AGENTS
Alias:

**R/A HENRY E. SEATON**
**2240 GALLOW ROAD**
**VIENNA, VA  22182**

**R/A HENRY E. SEATON**
**8205 HILLCREST RD**
**ANNANDALE, VA  22003**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____8/11/2017_____      _____/S/  Judy Zerr_____
Date                                                                        Clerk

*ST. CHARLES COUNTY*   Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - [ ] other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____      _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1711-CC00777 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARY B SCHULTZ<br>640 CEPI DRIVE, SUITE A<br>CHESTERFIELD, MO  63005-1221 |
| Defendant/Respondent:<br>SERVICE OF PROCESS AGENTS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **DOUGLAS SCOTT KAISER**
                          **Alias:**

**C/O SEATON & HUSK LP**
**2240 GALLOW ROAD**
**VIENNA, VA  22182**

**14509 SWISSAIR PLACE**
**CHANTILLY, VA  20151**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____8/11/2017_____     _____/S/  Judy Zerr_____
                      Date                                                              Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
   Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                      Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

STATE OF MISSOURI                                )
                                                 )  ss.
ST. CHARLES COUNTY, MISSOURI          )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI


**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**


Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI                       )
                                           ) ss.
ST. CHARLES COUNTY, MISSOURI   )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                    Plaintiff(s),   )
                             )
vs.                             )          Cause #_____
                             )
_____ )
                    Defendant(s). )

### CONSENT TO MEDIATION FORM

        I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

\_\_\_\_\_  We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

\_\_\_\_\_  We do not consent to the referral of this case to mediation.

                                      _____
                                      Signature

                                      _____
                                      (Print Name)

                                      Attorney for:

                                      _____
                                      (Party or Parties)

Date: _____

Electronically Filed - St Charles Circuit Div - August 13, 2017 - 09:10 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | | |
|---|---|---|
| **SWINTER GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **1711-CC00777** |
| | ) | |
| **SERVICE OF PROCESS AGENTS,** | ) | **Div. 7** |
| **INC.,, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANTS**

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants be extended to 90 days from issuance of the summonses on August 11, 2017, in order to allow sufficient time to obtain service.  Defendants reside outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.   Rule 54.16 grants the recipients 30 days to complete and return the Form 4B notice.  Rule 54.16 states that **"[u]nless good cause is shown for not doing so, the court shall order the payment of costs of service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons."**

The new service deadline would be November 9, 2017.

SO ORDERED THIS ____ DAY OF AUGUST, 2017

_____
Daniel Pelikan, Circuit Judge

1

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
    Mary B. Schultz, #35285
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO 63005
    636-537-4645
    Fax:  636-537-2599
    reisenberg@sl-lawyers.com
    mschultz@sl-lawyers.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**
The above-signed certifies that this motion was eFiled on August 13, 2017.

2

Electronically Filed - St. Charles Circuit Div - August 13, 2017 - 09:10 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

**FILED**

**AUG 16 2017**

JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

| | | |
|---|---|---|
| **SWINTER GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | 1711-CC00777 |
| | ) | |
| **SERVICE OF PROCESS AGENTS,** | ) | Div. 7 |
| **INC.,, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE DEFENDANTS

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants be extended to 90 days from issuance of the summonses on August 11, 2017, in order to allow sufficient time to obtain service. Defendants reside outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail. Rule 54.16 grants the recipients 30 days to complete and return the Form 4B notice. Rule 54.16 states that **"[u]nless good cause is shown for not doing so, the court shall order the payment of costs of service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons."**

The new service deadline would be November 9, 2017.

SO ORDERED THIS 16 DAY OF AUGUST, 2017

Daniel Pelikan, Circuit Judge

1

 **IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI**

| Judge or Division:<br>Daniel G. Pelikan | Case Number:<br>1711-CC00777 |
|---|---|
| Plaintiff:<br>Swinter Group, Inc. | Defendant:<br>Service of Process Agents, Inc. |
| | (Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now ___Plaintiff_____, pursuant to Local Court Rule 4.2.1 and at

his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| S.Todd Regnell | 175 Alpine Drive, S.E. Leesburg, VA 20175 | (301) 675-8549 |

| Name of Process Server | Address | Telephone |
|---|---|---|

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties.
This appointment as special process server does not include the authorization to carry a concealed
weapon in the performance thereof.

**SERVE:**
Henry E. Seaton, Registered Agent for Service of Process Agents, Inc.

Name
2240 Gallow Road

Address
Vienna, VA  22182

City/State/Zip

**SERVE:**
Douglas Scott Kaiser, c/o Seaton & Husk LP

Name
2240 Gallow Road

Address
Vienna, VA  22182

City/State/Zip

ALL RISKS TO PLAINTIFF

SO APPOINTED:
DATE: OCT 2 4 2017

_by Carol Trupiano_
JUDY ZERR, CIRCUIT CLERK

**Appointed as requested:**

**Judy Zerr, Circuit Clerk**

By _____
       Deputy Clerk

Date _____

CIV030



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1711-CC00777 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><div align="right">**vs.**</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MARY B SCHULTZ<br>640 CEPI DRIVE, SUITE A<br>CHESTERFIELD, MO  63005-1221 |
| Defendant/Respondent:<br>SERVICE OF PROCESS AGENTS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:   SERVICE OF PROCESS AGENTS
                             Alias:

**R/A HENRY E. SEATON**                                        **R/A HENRY E. SEATON**
**2240 GALLOW ROAD**                                          **8205 HILLCREST RD**
**VIENNA, VA  22182**                                         **ANNANDALE, VA  22003**

*COURT SEAL OF*



*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

October 24, 2017                                          /S/JUDY ZERR
Date                                                          Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
☐   delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐   leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
☐   (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐   other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                    _____
Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐   the clerk of the court of which affiant is an officer.
                    ☐   the judge of the court of which affiant is an officer.
                    ☐   authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
                    ☐   authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____    (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1711-CC00777 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><br>                                                        vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARY B SCHULTZ<br>640 CEPI DRIVE, SUITE A<br>CHESTERFIELD, MO  63005-1221 |
| Defendant/Respondent:<br>SERVICE OF PROCESS AGENTS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DOUGLAS SCOTT KAISER
                                            Alias:

C/O SEATON & HUSK LP                                                                14509 SWISSAIR PLACE
2240 GALLOW ROAD                                                                   CHANTILLY, VA  20151
VIENNA, VA  22182

*COURT SEAL OF*

            You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached,
and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30
days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading,
judgment by default will be taken against you for the relief demanded in this action.

*ST. CHARLES COUNTY*

                    October 24, 2017                                          /S/JUDY ZERR
                            Date                                                        Clerk
            Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐  other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                    _____
        Printed Name of Sheriff or Server                         Signature of Sheriff or Server

                    **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
            I am: (check one)   ☐  the clerk of the court of which affiant is an officer.
                                        ☐  the judge of the court of which affiant is an officer.
                                        ☐  authorized to administer oaths in the state in which the affiant served the above summons.
                                             (use for out-of-state officer)
                                        ☐  authorized to administer oaths.  (use for court-appointed server)
    *(Seal)*
                                        _____
                                                    Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

STATE OF MISSOURI                            )
                                             )  ss.
ST. CHARLES COUNTY, MISSOURI                 )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI               )
                                   ) ss.
ST. CHARLES COUNTY, MISSOURI   )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                 Plaintiff(s),  )
                           )
vs.                         )          Cause #_____
                           )
_____ )
                 Defendant(s). )

## CONSENT TO MEDIATION FORM

       I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                   _____
                                   Signature

                                   _____
                                   (Print Name)

                                   Attorney for:

                                   _____
                                   (Party or Parties)

Date: _____

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | |
|---|---|
| **SWINTER GROUP, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) 1711-CC00777 |
| | ) |
| **SERVICE OF PROCESS AGENTS,** | ) Div. 7 |
| **INC.,, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### APPLICATION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

The Petitioner requests an order appointing Anthony Stefano of ALIASS in

Fairfax, VA as Special Process Server, per Supreme Court Rule 54.03, to serve on Henry

E. Seaton, Registered Agent for Service of Process Agents, and Douglas Scott Kaiser, c/o

Seaton & Husk LP at 2240 Gallow Road, Vienna, VA 22182, Defendants for the reason

that

SCHULTZ & ASSOCIATES LLP

/s/ Mary B. Schultz
Mary B. Schultz, #35285
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com
mschultz@sl-lawyers.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The above-signed certifies that this motion was eFiled on October 26, 2017.

ALL RISKS TO PLAINTIFF

SO APPOINTED:
OCT 2 6 2017
DATE:_____

by _Carol Dupiano_
_____
JUDY ZERR, CIRCUIT CLERK

Electronically Filed - St Charles Circuit Div - November 01, 2017 - 11:35 AM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE ELEVENTH JUDICIAL CIRCUIT**
**COUNTY OF ST. CHARLES**

| | | |
|---|---|---|
| SWINTER GROUP, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | 1711-CC00777 |
| | ) | |
| SERVICE OF PROCESS AGENTS, | ) | Div. 7 |
| INC., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION FOR COSTS OF SERVICE AS TO**
**DEFENDANTS  SERVICE OF PROCESS AGENTS, INC., AND KAISER**

Plaintiff, pursuant to Missouri Supreme Court Rule 54.16, moves for an order requiring Defendants Service of Process Agents, Inc., and Douglas Scott Kaiser to pay for the costs of service paid to the special process server due to Defendants' failure and refusal to complete and return within thirty days after mailing, the notices and acknowledgment of receipt of summonses Plaintiff had sent.

Plaintiff separately mailed Defendants a Civil Procedure Form 4B Notice on August 14, 2017, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.  Rule 54.16 grants the recipients 30 days to complete and return the Form 4B Notice.  Rule 54.16 states that **"[u]nless good cause is shown for not doing so, the court shall order the payment of costs of service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons."**

After Defendants failed to complete and return the Form 4B Notices, Plaintiff paid a special process server $98.80 to serve Defendants.  The special process server

1

Electronically Filed - St Charles Circuit Div - November 01, 2017 - 11:35 AM

served Defendants at the same address to which Plaintiff had mailed the Form 4B Notices.

     The Form 4B Notices and $98.80 receipt for the process server are attached.

     WHEREFORE, Plaintiff requests (1) that this motion be granted, (2) that Defendants Service of Process Agents, Inc., and Douglas Scott Kaiser be required to pay Plaintiff $98.80 within 10 days, by cash or a check payable to Plaintiff's undersigned counsel and sent to counsel's address below, and (3) that Defendants be warned that failure to comply may result in further orders.

     SO ORDERED THIS ___ DAY OF NOVEMBER, 2017

_____
Honorable Daniel G. Pelikan, Circuit Judge

SCHULTZ & ASSOCIATES LLP


By: /s/ Ronald J. Eisenberg
    Mary B. Schultz, #38245
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO 63005
    636-537-4645
    Fax: 636-537-2599
    reisenberg@sl-lawyers.com
    mschultz@sl-lawyers.com

    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was eFiled on November 1, 2017, and also served by U.S. Mail to Defendants at

Service of Process Agents, Inc.    Douglas Scott Kaiser
Henry E. Seaton, Reg. Agent    Seaton & Husk, LP
c/o Seaton & Husk, LP    2240 Gallows Road
2240 Gallow Road    Vienna, VA 22182
Vienna, VA 22182

Electronically Filed - St Charles Circuit Div - November 01, 2017 - 11:35 AM

**Ron Eisenberg**

| | |
|---|---|
| **From:** | Auto-Receipt <noreply@mail.authorize.net> |
| **Sent:** | Thursday, October 26, 2017 10:16 AM |
| **To:** | Mary Schultz |
| **Subject:** | Transaction Receipt from ALIASS for $98.80 (USD) |

**Order Information**

Description:   98.80,  Schultz & Associates LLP, Mary  Schultz,

**Billing Information** | **Shipping Information**
---|---
Mary Schultz | Mary Schultz
Schultz & Associates LLP | Schultz & Associates LLP
640 Cepi Drive | 640 Cepi Drive
Chesterfiled, MO 63005 | Chesterfiled, MO 63005
USA | USA
Jkeith@sl-lawyers.com |
(636)537-4645 |
Fax: (636)537-2599 |

**Total:  $98.80 (USD)**

**Payment Information**

| | |
|---|---|
| Date/Time: | 26-Oct-2017 11:15:42 EDT |
| Transaction ID: | 40385028947 |
| Payment Method: | Visa xxxx6466 |
| Transaction Type: | Purchase |
| Auth Code: | 520743 |

**Merchant Contact Information**

ALIASS
FAIRFAX, VA 22030
US
aliass@american-legal.com
THANK YOU FOR USING ALIASS! WE APPRECIATE YOUR BUSINESS.

1

Electronically Filed - St. Charles Circuit Div - November 01, 2017 - 11:35 AM

**NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL**
**CIRCUIT COURT FOR COUNTY OF ST. CHARLES, MISSOURI**
**DIVISION 7**

| | |
|---|---|
| Civil Action,<br>File No. 1711-CC00777 | ) |
| | ) |
| SWINTER GROUP, INC., | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SERVICE OF PROCESS AGENTS,<br>INC., | ) |
| | ) |
| DOUGLAS SCOTT KAISER, | ) |
| | ) |
| And | ) |
| | ) |
| JOHN DOES 1-10 | ) |
| | ) |
|      Defendants. | ) |

**NOTICE**

TO:
Douglas Scott Kaiser           Douglas Scott Kaiser
c/o Seaton & Husk, LP         14509 Swissair Place
2240 Gallows Road             Chantilly, VA 20151
Vienna, VA 22182

     The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.
     You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty (30) days of August 14, 2017.
     If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.
     If you do not complete and return the form to the sender within thirty (30) days, you or the party whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

Electronically Filed - St Charles Circuit Div - November 01, 2017 - 11:35 AM

If you do complete and return this form, you or the party on whose behalf you are being served must comply with the requirements of the summons.  If you fail to do so, judgment by default may be taken against you for relief demanded in the petition.

<u>I DECLARE, UNDER PENALTY AND PERJURY, THAT THIS NOTICE WAS MAILED ON AUGUST 14, 2017</u>

Mary B. Schultz

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION

I declare, under penalty of filing a false affidavit, that I received a copy of the summons, the Class Action Junk-Fax Petition in the above-captioned matter, Case No. 1711-CC00777.

_____
Signature

_____
Relationship to Entity/Authority
Receive Service of Process

_____
Date Signed

Address:

Kaiser

2

Electronically Filed - St Charles Circuit Div - November 01, 2017 - 11:35 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | | |
|---|---|---|
| **SWINTER GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **1711-CC00777** |
| | ) | |
| **SERVICE OF PROCESS AGENTS,** | ) | **Div. 7** |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**NOTICE OF HEARING ON PLAINTIFF'S MOTION FOR COSTS OF SERVICE**</u>

Plaintiff will call for hearing Plaintiff's Motion for Costs of Service as to Defendants Service of Process Agents, Inc., and Kaiser in Division 7 on November 17, 2017, at 9:00 a.m.

SCHULTZ & ASSOCIATES LLP

By:  <u>/s/ Ronald J. Eisenberg</u>
      Mary B. Schultz, #38245
      Ronald J. Eisenberg, #48674
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005
      636-537-4645
      Fax:  636-537-2599
      reisenberg@sl-lawyers.com
      mschultz@sl-lawyers.com

      *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The above-signed certifies that this notice was eFiled on November 1, 2017, and also served by U.S. Mail to Defendants at

| | |
|---|---|
| Service of Process Agents, Inc. | Douglas Scott Kaiser |
| Henry E. Seaton, Reg. Agent | Seaton & Husk, LP |
| c/o Seaton & Husk, LP | 2240 Gallows Road |
| 2240 Gallow Road | Vienna, VA 22182 |
| Vienna, VA 22182 | |

1

## AFFIDAVIT OF SERVICE

### IN THE SAINT CHARLES COUNTY CIRCUIT COURT FOR THE STATE OF MISSOURI

Case Number: 1711-CC00777
Date Filed:

Plaintiff:
**Swinter Group, Inc.**
vs
Defendant:
**Service of Process Agents, Inc., et al**

Received on **10/26/2017** to be served on **Service of Process Agents, Inc., Serve: Henry E. Seaton, Registered Agent c/o Seaton & Husk, LP, 2240 Gallows Road, Vienna, VA 22182.**

**Anthony J. Stefano**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action.

On **10/27/2017** at 3:43:38 PM, deponent served the within **SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI; CLASS-ACTION JUNK-FAX PETITION; EXHIBITS** on **Service of Process Agents, Inc., Serve: Henry E. Seaton, Registered Agent c/o Seaton & Husk, LP at 2240 Gallows Road , Vienna , VA 22182** in the manner indicated below:

By delivering a true copy of each to and leaving with **John T. Husk, Partner** who stated he/she is authorized to accept service on behalf of the corporation.

**Description:**
Gender: **Male**       Race/Skin: **White**         Age: **40 - 50 Yrs.** Weight: **191-220 Lbs.**       Height: **6ft 1in - 6ft 3in**       Hair: **Brown**
Glasses:**No**       Other:

Served at following GPS coordinates, Lat: 38.898427 Long: -77.225284

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on 10/30/2017.

_____
Cierra L. Harris
My Commission Expires:  1/31/2020
Registration Number 7703663
Commonwealth of Virginia, County of Fairfax

X_____
**Anthony J. Stefano**

Job #: 1708888
Client File # 1711-CC00777

**ALIASS, 10387 Main Street, Suite 202, Fairfax, VA  22030 (703) 383-3007**



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 1711-CC00777 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MARY B SCHULTZ<br>640 CEPI DRIVE, SUITE A<br>CHESTERFIELD, MO 63005-1221 |
| Defendant/Respondent:<br>SERVICE OF PROCESS AGENTS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** SERVICE OF PROCESS AGENTS
**Alias:**

R/A HENRY E. SEATON
2240 GALLOW ROAD
VIENNA, VA 22182

R/A HENRY E. SEATON
8205 HILLCREST RD
ANNANDALE, VA 22003

*COURT SEAL OF*

*ST. CHARLES COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<table>
<tr><td>October 24, 2017</td><td>/S/JUDY ZERR</td></tr>
<tr><td>Date</td><td>Clerk</td></tr>
</table>

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
   - ☐ the clerk of the court of which affiant is an officer.
   - ☐ the judge of the court of which affiant is an officer.
   - ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**AFFIDAVIT OF SERVICE**

**IN THE SAINT CHARLES COUNTY CIRCUIT COURT FOR THE STATE OF MISSOURI**

Case Number: **1711-CC00777**
Date Filed:

Plaintiff:
**Swinter Group, Inc.**
vs
Defendant:
**Service of Process Agents, Inc., et al**

Received on **10/26/2017**  to be served on **Service of Process Agents, Inc., Serve: Henry E. Seaton, Registered Agent c/o Seaton & Husk, LP, 2240 Gallows Road, Vienna, VA 22182.**

**Anthony J. Stefano,** the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action.

On **10/27/2017** at **3:43:38 PM,** deponent served the within **SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI; CLASS-ACTION JUNK-FAX PETITION; EXHIBITS** on Service of Process Agents, Inc., Serve: Henry E. Seaton, Registered Agent c/o Seaton & Husk, LP at 2240 Gallows Road , Vienna , VA 22182 in the manner indicated below:

By delivering a true copy of each to and leaving with **John T. Husk, Partner** who stated he/she is authorized to accept service on behalf of the corporation.

**Description:**
Gender: **Male**        Race/Skin: **White**        Age: **40 - 50 Yrs.** Weight: **191-220 Lbs.**        Height: **6ft 1in - 6ft 3in**        Hair: **Brown**
Glasses: **No**        Other:

Served at following GPS coordinates, Lat: 38.898427 Long: -77.225284

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on 10/30/2017.

_____
Cierra L. Harris
My Commission Expires:  1/31/2020
Registration Number 7703663
Commonwealth of Virginia, County of Fairfax

X _____
**Anthony J. Stefano**

Job #: 1708888
Client File # 1711-CC00777

**ALIASS, 10387 Main Street, Suite 202, Fairfax, VA  22030 (703) 383-3007**

Electronically Filed - St. Charles Circuit Div - November 01, 2017 - 10:27 AM

IN THE SAINT CHARLES COUNTY CIRCUIT COURT FOR THE STATE OF MISSOURI

Case Number: **1711-CC00777**
Date Filed:

Plaintiff:
**Swinter Group, Inc.**
vs
Defendant:
**Service of Process Agents, Inc., et al**

Received on 10/26/2017 to be served on **Douglas Scott Kaiser c/o Seaton & Husk, LP, 2240 Gallows Road, Vienna, VA 22182.**

**Anthony J. Stefano**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action.

On **10/27/2017** at **3:45:08 PM**, deponent served the within SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI; CLASS-ACTION JUNK-FAX PETITION; EXHIBITS on Douglas Scott Kaiser at 2240 Gallows Road , Vienna , VA 22182 in the manner indicated below:

**INDIVIDUAL:** by delivering thereat a true copy of each to said Recipient personally; deponent knew the person so served to be the person described herein by deponent asking the person if he or she is the named Recipient and the person responding that he or she is in fact the person named in this action as the Recipient.

**Description:**
Gender: **Male**     Race/Skin: **White**     Age: **40 - 50 Yrs.** Weight: **161-190 Lbs.**     Height: **5ft 9in - 6ft 0in**     Hair: **Brown**
Glasses:**No**     Other:

Served at following GPS coordinates, Lat: 38.898425 Long: -77.225292

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on 10/30/2017.

X _____
**Anthony J. Stefano**

_____
Cierra L. Harris
My Commission Expires:  1/31/2020
Registration Number 7703663
Commonwealth of Virginia, County of Fairfax

Job #: 1708892
Client File # 1711-CC00777

**ALIASS, 10387 Main Street, Suite 202, Fairfax, VA  22030 (703) 383-3007**

Electronically Filed - St Charles Circuit Div - November 01, 2017 - 10:26 AM

## AFFIDAVIT OF SERVICE

### IN THE SAINT CHARLES COUNTY CIRCUIT COURT FOR THE STATE OF MISSOURI

Case Number: 1711-CC00777
Date Filed:

Plaintiff:
**Swinter Group, Inc.**
vs
Defendant:
**Service of Process Agents, Inc., et al**

Received on 10/26/2017 to be served on **Douglas Scott Kaiser c/o Seaton & Husk, LP, 2240 Gallows Road, Vienna, VA 22182.**

**Anthony J. Stefano**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action.

On **10/27/2017 at 3:45:08 PM**, deponent served the within **SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI; CLASS-ACTION JUNK-FAX PETITION; EXHIBITS** on Douglas Scott Kaiser at **2240 Gallows Road , Vienna , VA 22182** in the manner indicated below:

**INDIVIDUAL:** by delivering thereat a true copy of each to said Recipient personally; deponent knew the person so served to be the person described herein by deponent asking the person if he or she is the named Recipient and the person responding that he or she is in fact the person named in this action as the Recipient.

**Description:**
Gender: **Male**    Race/Skin: **White**    Age: **40 - 50 Yrs.** Weight: **161-190 Lbs.**    Height: **5ft 9in - 6ft 0in**    Hair: **Brown**
Glasses:**No**    Other:

Served at following GPS coordinates, Lat: 38.898425 Long: -77.225292

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on 10/30/2017.

Cierra L. Harris
My Commission Expires:  1/31/2020
Registration Number 7703663
Commonwealth of Virginia, County of Fairfax

X_____
**Anthony J. Stefano**

Job #: 1708892
Client File # 1711-CC00777

**ALIASS, 10387 Main Street, Suite 202, Fairfax, VA  22030 (703) 383-3007**



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1711-CC00777 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MARY B SCHULTZ<br>640 CEPI DRIVE, SUITE A<br>CHESTERFIELD, MO  63005-1221 |
| Defendant/Respondent:<br>SERVICE OF PROCESS AGENTS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:  DOUGLAS SCOTT KAISER**
Alias:

**C/O SEATON & HUSK LP**
**2240 GALLOW ROAD**
**VIENNA, VA  22182**

**14509 SWISSAIR PLACE**
**CHANTILLY, VA  20151**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

October 24, 2017                                          /S/JUDY ZERR
Date                                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

   ☐ other (describe) _____ .

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Subscribed and Sworn** To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

**See the following page for directions to clerk and to officer making return on service of summons.**

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

**FILED**

**NOV 17 2017**

**JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.**

| | | |
|---|---|---|
| SWINTER GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1711-CC00777 |
| | ) | |
| SERVICE OF PROCESS AGENTS, | ) | Div. 7 |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR COSTS OF SERVICE AS TO
DEFENDANTS SERVICE OF PROCESS AGENTS, INC., AND KAISER**

Plaintiff, pursuant to Missouri Supreme Court Rule 54.16, moves for an order requiring Defendants Service of Process Agents, Inc., and Douglas Scott Kaiser to pay for the costs of service paid to the special process server due to Defendants' failure and refusal to complete and return within thirty days after mailing, the notices and acknowledgment of receipt of summonses Plaintiff had sent.

Plaintiff separately mailed Defendants a Civil Procedure Form 4B Notice on August 14, 2017, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail. Rule 54.16 grants the recipients 30 days to complete and return the Form 4B Notice. Rule 54.16 states that **"[u]nless good cause is shown for not doing so, the court shall order the payment of costs of service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons."**

After Defendants failed to complete and return the Form 4B Notices, Plaintiff paid a special process server $98.80 to serve Defendants. The special process server

1

served Defendants at the same address to which Plaintiff had mailed the Form 4B Notices.

The Form 4B Notices and $98.80 receipt for the process server are attached.

WHEREFORE, Plaintiff requests (1) that this motion be granted, (2) that Defendants Service of Process Agents, Inc., and Douglas Scott Kaiser be required to pay Plaintiff $98.80 within 10 days, by cash or a check payable to Plaintiff's undersigned counsel and sent to counsel's address below, and (3) that Defendants be warned that failure to comply may result in further orders.

SO ORDERED THIS 17 DAY OF NOVEMBER, 2017

_____
Honorable Daniel G. Pelikan, Circuit Judge

SCHULTZ & ASSOCIATES LLP


By: /s/ Ronald J. Eisenberg
    Mary B. Schultz, #38245
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO 63005
    636-537-4645
    Fax: 636-537-2599
    reisenberg@sl-lawyers.com
    mschultz@sl-lawyers.com

    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was eFiled on November 1, 2017, and also served by U.S. Mail to Defendants at

Service of Process Agents, Inc.      Douglas Scott Kaiser
Henry E. Seaton, Reg. Agent          Seaton & Husk, LP
c/o Seaton & Husk, LP                2240 Gallows Road
2240 Gallow Road                     Vienna, VA 22182
Vienna, VA 22182

2

Electronically Filed - St Charles Circuit Div - November 21, 2017 - 12:55 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE ELEVENTH JUDICIAL CIRCUIT**
**COUNTY OF ST. CHARLES**

| | |
|---|---|
| **SWINTER GROUP, INC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | )   **1711-CC00777** |
| | ) |
| **SERVICE OF PROCESS AGENTS,** | )   **Div. 7** |
| **INC., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**CERTIFICATE OF SERVICE**

Plaintiff certifies through the undersigned that (a) the November 17, 2017 Order granting Plaintiff's Motion for Costs of Service as to Defendants Service of Process Agents, Inc., and Kaiser and (b) this Certificate of Service were served by U.S. Mail, and item (b) was also eFiled, all on November 21, 2017 (the day on which the Order was uploaded to Casenet), with the mailings addressed to:

Service of Process Agents, Inc.     Douglas Scott Kaiser
Henry E. Seaton, Reg. Agent      Seaton & Husk, LP
c/o Seaton & Husk, LP            2240 Gallows Road
2240 Gallow Road               Vienna, VA 22182
Vienna, VA 22182

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
      Mary B. Schultz, #38245
      Ronald J. Eisenberg, #48674
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005
      636-537-4645
      Fax:  636-537-2599
      reisenberg@sl-lawyers.com
      mschultz@sl-lawyers.com

      *Attorneys for Plaintiff*

1