UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWINTER GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2759 RLW |
| | ) |
| SERVICE OF PROCESS AGENTS, INC., | ) |
| DOUGLAS SCOTT KAISER, and | ) |
| JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on its own motion.

Swinter Group, Inc., filed this putative class action seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), for an allegedly unsolicited fax it received. Named in the caption of the complaint are twelve defendants: Service of Process Agents, Inc. (SPA); Douglas Scott Kaiser; and John Does 1-10. The address for service on Kaiser listed on the Application for Order Appointing Special Process Server is the same as for service on SPA. According to the Affidavit of Service, Kaiser was personally served at the address listed in the Application.

After SPA and Kaiser were served, they removed the action from the state court in which it was filed to this court. Kaiser now moves to be dismissed, correctly noting that (a) the only reference to him in the complaint is his name in the caption and (b) there are no allegations of any action taken or not taken by him that led to any violation of the TCPA. Indeed, the only defendants named in the body of the complaint are SPA and the John Does. Kaiser additionally argues that he does not have the minimum contacts with Missouri required for personal

jurisdiction, and supports his position with an affidavit detailing his lack of contacts with any state other than Virginia and describing his lack of involvement with the fax at issue.

Plaintiff counters with a motion requesting that the briefing on the motion to dismiss be stayed and it be allowed to engage in discovery relative to the allegations in Kaiser's affidavit.

In its supporting memorandum, Plaintiff describes the facts alleged in the complaint "as to Defendant Doug Kaiser." (Pl.'s Mem. at 1; ECF No. 17.) First is that the junk fax attached to the complaint "suggests that recipients call 'Doug.'" (*Id.*) The complaint does refer to such an exhibit, but none is attached.[1]

Second is that "Defendant Doug Kaiser, together with other defendants, sent a junk fax to Plaintiff into Missouri," also sent other junk faxes, and engaged in six additional activities in violation of the TCPA. (*Id.* at 1-2, citing paragraphs 11, 13-17, 20-23, 26-29, 32, and 40-42 of the complaint.) This description of the allegations is disingenuous. Kaiser's name does not appear *at all* in the body of the complaint. The paragraphs cited by Plaintiff refer simply to "Defendants." The only "Defendants" described in the complaint itself are SPA and the John Does.

The Court will grant Plaintiff leave to amend its complaint to add allegations against Kaiser, see Fed.R.Civ.P. 15(a)(2) (leave to amend should freely be given "when justice so requires"), and to attach the exhibits referred to in its complaint, *see* Fed.R.Civ.P. 10(c).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff is to file an amended complaint within twenty days of the date of this Order. **Failure to comply will result in the dismissal without prejudice of Douglas Scott Kaiser without further notice.**

---

[1] Nor is the document referred to as "Exhibit 2" attached. (See Compl ¶18.)

[Type text]

**IT IS FURTHER ORDERED** that the motion to dismiss and the motion for jurisdictional discovery and for stay shall be held in abeyance pending the filing of the amended complaint.

Dated this 9th day of January, 2018.

　　　　　　　　　　　　　　　　　　/s/ Ronnie L. White
　　　　　　　　　　　　　　　　　　**RONNIE L. WHITE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

[Type text]