UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWINTER GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-2759 RLW |
| ) | |
| SERVICE OF PROCESS AGENTS, INC., and ) | |
| DOUGLAS SCOTT KAISER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is a putative class action filed by Swinter Group, Inc. ("Swinter"), seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), for an allegedly unsolicited fax it received. One of the two defendants,[1] Douglas Scott Kaiser, has moved to dismiss for lack of jurisdiction. In turn, Swinter has moved for jurisdictional discovery and for a stay of a ruling on the motion to dismiss.

### Background

Swinter alleges in its amended complaint that Kaiser and Service of Process Agents, Inc. ("SPA") – the other defendant – sent an unsolicited advertisement to Plaintiff's telephone facsimile machine in August 2015. (Am.Compl. ¶ 14, ECF No. 26.) The faxed advertisement does not include a "clear and conspicuous opt-out notice," in violation of the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii). (Id. ¶¶ 23, 31.)

---

[1] In the original action filed in state court in August 2017, Swinter named "John Does 1-10" as defendants. The "John Does" have not been served within the time set forth in Rule 4(m) of the Federal Rules of Civil Procedure and are not named in the amended complaint. They shall be dismissed without prejudice. *See Keller v. City of Fremont*, 719 F.3d 931, 951 (8th Cir. 2013) (claims not raised in amended complaint are abandoned).

Douglas Scott Kaiser, a resident of Virginia, "performs work for SPA." (*Id.* ¶ 10-11.) The fax at issue informs the recipient, "'If you have any questions, please feel free to call Doug or Nancy at 800-338-8893.'" (*Id.* ¶ 16; Am.Compl. Ex. 1.) The "Doug" referred to is Kaiser. (*Id.* ¶ 17.) "Kaiser is the only person work[ing] for SPA whose first name is 'Doug' or 'Douglas.'" (*Id.* ¶ 18.) Additionally, a subpage on SPA's website directs people to contact "Douglas S. Kaiser" at the telephone number listed on the fax if they have any questions about SPA's broker services. (*Id.* ¶ 19.) A copy of SPA's home page is attached as Exhibit 2 to the Amended Complaint and simply reads, "Still have Questions? Please do not hesitate to call us at 800-338-8883." (*Id.* ¶ 24 and Ex. 2.)

In his motion to dismiss, Kaiser argues that he does not have the requisite minimum contacts with Missouri to satisfy due process. Specifically, he avers that he is a resident of Virginia; has never conducted business in, or travelled to, Missouri; does not own, rent, or have an interest in property in Missouri and has not done so; does not hOld a professional license issued by Missouri and has not done so; and is not employed by a company incorporated or doing business in Missouri. (Kaiser Mem. Ex. at ¶¶ 4, 17-21, ECF No.13.) Also, he is not an employee, owner, officer, director, manager, supervisor, or team leader for SPA; he is not an investor, creditor, partner, or joint venturer with SPA; and he has never drafted or sent any advertising faxes by or on behalf of SPA, nor has he participated in doing so. (*Id.* ¶¶ 3, 11-12, 16.) He is an independent contractor working part-time for SPA. (*Id.* ¶ 9.) He answers SPA's phone lines. (*Id.*)

Swinter seeks discovery relating to Kaiser's averments and to "uncover evidence not addressed in Kaiser's declaration." (Pl.'s Mot. at 2, ECF No. 16.)

## Discussion

"The decision whether to grant jurisdictional discovery in a case is left to the trial court's sound discretion." *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F.Supp.3d 1020, 1030 (E.D. Mo. 2015) (interim quotations omitted). "Numerous cases hold that district courts have the discretion to deny jurisdictional discovery when . . . the complaint fails to make a prima facie case of personal jurisdiction." *Id.*

Under Missouri's long-arm statute, the exercise of personal jurisdiction over Kaiser must be permissible under the due process clause. *See Aly v. Hanzada for Import & Export Co.*, 864 F.3d 844, 849 (8th Cir. 2017). To determine whether it is, "this [C]ourt considers five factors '(1) the nature and quality of the contacts with the forum state; (2) the quality of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.'" *Id.* (quoting *Eagle Tec. V. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015)). Based on the averments in Kaiser's affidavit, consideration of these factors seems to militate against the assertion of personal jurisdiction over Kaiser. Swinter, however, urges this Court to allow it to engage in discovery relating to those averments.

In support of its motion, Swinter cites *1st Tech., LLC v. Digital Gaming Solutions*, 71 Fed.R.Serv.3d 1399, 2008 WL 4790347 (E.D. Mo. 2008).[2] Swinter's reliance on this case is misplaced. The plaintiff in *1st Technology* brought a patent infringement case against seven companies, including a company in Norway, the chairman of which submitted an affidavit detailing the company's lack of any contacts with the State of Missouri. *Id.* at *1. The plaintiff

---

[2]The Court has carefully reviewed two other cases cited by Swinter -- *Ldm Group, LLC v. Akers*, 2013 WL 1316420 (E.D. Mo. Mar. 29, 2013), and *Cheyenne Prods., S.A. v. Berry*, 2011 WL 4014368 (E.D. Mo. Sept. 9, 2011) – and finds neither supports its position.

3

contended that the Norway company's website provided interactive links to an allegedly infringing website of the company's subsidiary. *Id.* The latter website was interactive, accessible in Missouri, and included several references to the Norway company. The court held that "[j]urisdictional discovery is appropriate where the existing record is inadequate to support personal jurisdiction, but the plaintiff demonstrates it can supplement it jurisdictional allegations through discovery. Jurisdictional discovery is also appropriate where the parties dispute the relevant facts surrounding the jurisdictional issue, or where the parties have not made a satisfactory showing of the relevant facts." *Id.* at *6 (interim citations omitted). Noting that the plaintiff "had pointed to some ambiguity" about the Norwegian's company's ownership and supervision of the allegedly infringing website, the court allowed jurisdictional discovery on the limited issue of the relationship between the two. *Id.*

In the instant case, however, without pointing to *any* ambiguity in Kaiser's affidavit, Swinter seeks discovery on the veracity of the affidavit, on "whether Kaiser was aware SPA was involved in a junk-fax campaign," on any prior knowledge of Kaiser of such a campaign, and whether he demonstrated apparent authority or ratified such campaign. Swinter adds that the foregoing "are but [a] few of the relevant topics Plaintiff Swinter seeks to discover." (Pl. Mem. at 4, ECF No. 4.)

The court in 1st *Technology* further held that, "[j]urisdictional discovery is inappropriate when the plaintiff pushes for jurisdiction based only on bare assertions. Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Id.* at *6 (interim citations and quotations omitted).

Swinter alleges only that Kaiser works for SPA and his first name is given on the complained-of fax as someone to call. The first name of "Nancy" is also given on that fax. And, on the copy of the website attached to the amended complaint, only a phone number is given as a contact if there are any questions. The allegations cited in Swinter's supporting memorandum are in its original complaint and simply refer to "Defendants." "Defendants" then included the ten "John Does." The allegations are not, as referenced in that memorandum, of "Defendant Doug Kaiser, together with other defendants . . . ."

For the foregoing reasons, the Court finds Swinter has failed to present any assertion against Kaiser that supports its request for broad jurisdictional discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the claims against "John Does 1-10" are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the motion of Swinter Group, Inc., for jurisdictional discovery and for stay is DENIED.

**IT IS FINALLY ORDERED** that Swinter Group, Inc., is GRANTED up to and including **March 21, 2018** to file its response to Douglas Scott Kaiser's motion to dismiss for lack of jurisdiction.

Dated this 7th day of March, 2018.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**