UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWINTER GROUP, INC., | ) |
| Plaintiff, | ) No. 4:17-CV-2759 RLW |
| v. | ) |
| SERVICE OF PROCESS AGENTS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Douglas Scott Kaiser's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 12). This matter is fully briefed and ready for disposition.

## BACKGROUND

On or about August 9, 2017, Plaintiff Swinter Group, Inc. ("Swinter") filed a Petition in Circuit Court of St. Charles County, Missouri. The Petition named Douglas Scott Kaiser ("Kaiser") as a Defendant. The Petition alleges that a foreign company, Service of Process Agents, Inc. ("SPA"), sent "junk" faxes to Plaintiff and other members of a yet to be defined class. Swinter alleges that the faxes do not meet the requirements of the Telephone Consumer Protect Act of 1991 ("TCPA"). Swinter brings suit against Kaiser in his individual capacity. Kaiser has moved to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

# DISCUSSION

**A. Personal Jurisdiction**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K–V Pharm. Co. v. J. Uriach & CIA, S.A*, 648 F.3d 588, 59-92 (8th Cir. 2011); *see also, Viasystems, Inc. v. EBM—Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K–V Pharm.*, 648 F.3d at 592 (quoting *Dever*, 380 F.3d at 1072–73). The Court must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps*, 327 F.3d at 647; *Wallach v. Whetstone Partners, LLC*, No. 4:16 CV 450 CDP, 2016 WL 3997080, at *1 (E.D. Mo. July 26, 2016).

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 291–92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998). Minimum contacts is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780,

2787 (2011). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World–Wide Volkswagen*, 444 U.S. at 297; *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 694 (8th Cir. 2003); *Epps*, 327 F.3d at 648. Sufficient minimum contacts requires some act by which the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre*, 131 S.Ct. at 2787 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). This means that "the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Stanton*, 340 F.3d at 694 (quoting *Burger King*, 471 U.S. at 475).

Courts apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever*, 380 F.3d at 1073. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* at 1073–74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)). The Court gives significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014).

The Court holds that it lacks personal jurisdiction over Defendant Kaiser and dismisses the claims against him without prejudice. There is little evidence that Kaiser has had any contact with Missouri, let alone contacts sufficient to establish personal jurisdiction in this case. Kaiser has laid out his lack of contacts with the State of Missouri in significant detail. *See* ECF No. 13 at 5 (noting that Kaiser has a driver's license issued by Virginia, pays income tax in Virginia, his car is registered in Virginia, works in Virginia, owns no property in Missouri, has never traveled to Missouri, does not have a bank account in Missouri).

Further, Plaintiff offers bare allegations in its First Amended Complaint that Kaiser contacted Swinter as part of a national scheme, and these allegations are speculative and entirely debunked by Kaiser's affidavit. The First Amended Complaint is limited in its allegations directly against Kaiser. The First Amended Complaint alleges that Kaiser resides in Virginia and "performs work" for SPA. (First Amended Complaint ("FAC"), ¶11). The First Amended Complaint identifies a fax received by Swinter on or about August 31, 2015. (FAC, ¶15). The First Amended Complaint alleges that the fax offered services from SPA and stated, "If you have any questions, please feel free to call Doug or Nancy at 800-338-8893." (FAC, ¶16). Swinter alleges that the "Doug" reference in the fax is Defendant Kaiser and, "based on internet research … Kaiser is the only person who performs work for SPA whose first name is 'Doug' or 'Douglas.'" (FAC, ¶18). Finally, SPA's website, on a subpage addressing SPA's broker services, states, "[s]hould you have any questions, please do not hesitate to contact Douglas S. Kaiser at 800-338-8883," the same phone number that is associated "Doug" on the fax received by Swinter. (FAC, ¶19). In a huge leap, Swinter's Memorandum in Opposition elaborates from these allegations in the First Amended Complaint that Kaiser "participate[d] in a nationwide … scheme to send junk faxes." (ECF No. 30 at 4).

This Court, however, finds the evidence indicates that Kaiser lacks sufficient minimum contacts, particularly contacts involving TCPA violations, in Missouri through SPA. (FAC, *passim*). Kaiser states that he is not an employee, owner, or manager for SPA. (Kaiser Affidavit, ECF No. 13-1, ¶3). In his affidavit, Kaiser states that he "did not draft any facsimile communications for SPA" and "did not ratify and/or affirm the sending of any unlawful fax." (Kaiser Affidavit, ECF No. 13-1, ¶¶11-12). At most, Swinter has alleged that Kaiser worked for SPA and that his first name is listed as a contact on the cover sheet that was sent to Swinter. Other than pure speculation, Swinter fails to identify how that these purported minor contacts are sufficient to establish personal jurisdiction over Kaiser. Swinter has attempted to hale Kaiser into this District based "solely ... random, fortuitous, or attenuated contacts or of the unilateral activity of" SPA. *Stanton*, 340 F.3d at 693–94 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Court finds these contacts are insufficient to establish the minimum contacts for personal jurisdiction against Kaiser in this lawsuit and grants Kaiser's motion to dismiss on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Douglas Scott Kaiser's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 12) is **GRANTED**. Plaintiff's claims against Douglas Scott Kaiser are **DISMISSED** without prejudice.

Dated this 25th day of June, 2018.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**