UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWINTER GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) No. 4:17-CV-2759 RLW |
| | ) |
| v. | ) |
| | ) |
| SERVICE OF PROCESS AGENTS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Service of Process Agents, Inc.'s Motion to Dismiss National Class Allegations for Lack of Personal Jurisdiction (ECF No. 35). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §277 ("TCPA"), where Plaintiff Swinter Group, Inc. ("Swinter") seeks to certify a nationwide class of persons who "were sent" certain faxes "by or on behalf of Defendants." (First Amended Complaint ("FAC"), ECF No. 26, ¶¶34, 39). In the FAC, Swinter alleges that Defendant Service of Process Agents ("SPA") was incorporated in Tennessee and maintains its principal place of business in Virginia. (FAC, ¶¶2-3). Swinter further alleges SPA is not registered to do business

---

[1] In deciding a motion to dismiss under Rule 12(b)(2), a court assumes looks at the "facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646–47 (8th Cir. 2003) (citing *First National Bank of Lewisville, Ark. v. First National Bank of Clinton, Kentucky*, 258 F.3d 727, 729 (8th Cir. 2001).

with the Missouri Secretary of State. (FAC, ¶¶5, 9). At issue here, SPA asserts that the class allegations should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) under the reasoning of the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, ___ U.S. ___, 137 S. Ct. 1773, 1775, 198 L. Ed. 2d 395 (2017) (hereinafter "*BMS*").[2]

---

[2] The Court in *Knotts v. Nissan N. Am., Inc.*, No. 17-CV05049 (SRN/SER), 2018 WL 4922360, at *11–12 (D. Minn. Oct. 10, 2018) provided a good summary of the BMS decision:

> *BMS* was a consolidated products liability action filed in California state court. The defendant company was incorporated in Delaware and headquartered in New York. *Id.* at 1777–78. The plaintiffs consisted of 86 California residents and 592 residents of 33 other states. *Id.* at 1778. The nonresident plaintiffs did not allege that their injuries were related to the defendant's conduct in California. *Id.* The California Supreme Court decided that specific personal jurisdiction was proper based on California's unique "sliding scale" approach under which a greater degree of contacts with the state compensates for a lesser degree of relation between those contacts and the allegedly illegal conduct. *Id.*
>
> The United States Supreme Court reversed the California court, overruling their "sliding scale" approach and reaffirming that "[i]n order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.' " *Id.* at 1780 (emphasis in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014) ). The Court emphasized that joinder with a party who can bring a valid claim is not sufficient for a showing of jurisdiction.
>
> "[A] defendant's relationship with a ... third party, standing alone, is an insufficient basis for jurisdiction." This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents.... What is needed—and what is missing here— is a connection between the forum and the specific claims at issue.
> *Id.* at 1781 (quoting *Walden v. Fiore*, 571 U.S. 277, 286, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014)).
>
> The Court concluded by noting that "since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783–84. Importantly, the Court did not clarify whether the logic of *BMS* applies to class actions. *See id.* at 1789 n.4 (Sotomayor, J., dissenting) ("The Court today

- 2 -

## DISCUSSION

### I. Standard of Review

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373 (8th Cir.1990); *Watlow Elec. Mfg. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir.1988). The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir.1992); *Newhard, Cook & Co. v. Inspired Life Centers, Inc.*, 895 F.2d 1226, 1228 (8th Cir.1990).

### II. Discussion

SPA argues, applying *BMS*, that this Court lacks specific jurisdiction over SPA as to putative non-Missouri class members' claims. No Court of Appeals has engaged the question of whether *BMS* requires a finding of specific personal jurisdiction with respect to unnamed members of a putative class action suit.[5] *Knotts*, 2018 WL 4922360, at *13. SPA asserts that the putative non-Missouri class members were not injured in Missouri and plaintiff cannot assert a claim against a non-resident defendant in a state with no connection to their claims. (ECF No. 36 at 6). In support of this position, SPA cites primarily to mass tort, not class action claims from this district. *See* ECF No. 36 at 6 (citing *Jordan v. Bayer Corp.*, 2017 WL 3006993, at *4 (E.D. Mo. 2017); Johnson v. Bayer Corp., 2018 WL 999972, at *4 (E.D. Mo. 2018); *Jinright v. Johnson & Johnson, Inc.*, 2017 WL 3731317, *4 (E.D. Mo. 2017); *Siegfried v. Boehringer*

---

does not confront the question whether its opinion here would also apply to a class action ....").

*Ingelheim Pharm, Inc.*, 2017 WL 2778107, at *5 (E.D. Mo. 2017). SPA does not cite to any district courts in this circuit that have found *BMS* applies to class actions.

The Court applies the reasoning of at least one other district court from the Eighth Circuit (and from various other districts), refusing to extend the holding of *BMS* to the class action context.[3] The Court agrees that a class action fundamentally differs from a mass tort action, particularly based upon the procedural safeguards present in class actions under Fed. R. Civ. P. 23. "[I]n a mass tort action, each plaintiff is a real party in interest to the complaints; by contrast, in a putative class action, 'one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the 'named plaintiffs' are the only plaintiffs actually named in the complaint.'" *Molock v. Whole Foods Mkt., Inc.*, 297 F.Supp.3d 114, 126 (D.D.C. 2018) (quoting *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). Here, there is but one "suit": the present action between the Swinter Group and SPA. *Knotts*, 2018 WL 4922360, at *15. "While Plaintiff may end up representing other class members, this is different than a mass action where independent suits with independent parties in interest are joined for trial." *Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018). Unlike a mass tort, Rule 23 provides procedural due process safeguards for class actions: numerosity, commonality, typicality, adequacy of representation, predominance and superiority. "Rule 23's procedural safeguards ensure that the defendant will be 'presented with a unitary, coherent claim to which it need respond only with a unitary, coherent defense.'" *Knotts*, 2018 WL 4922360, at *15 (quoting

---

[3] In fact, many of the district courts applying *BMS* to class actions arise out of the Northern District of Illinois, where subsequent judges have decided to follow an early decision in that district that accepted this argument. *Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *6, n.6 (W.D. Va. July 25, 2018).

*Sanchez v. Launch Tech. Workforce Sols.*, LLC, 297 F.Supp.3d 1360, 1366 (N.D. Ga. 2018)). "Given these safeguards, due process concerns for the defendant in the class action context are far less compelling than in a mass tort such as *BMS*, where each joined plaintiff may make different claims requiring different responses." *Knotts*, 2018 WL 4922360, at *15; *see also Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018) ("Due process concerns raised by that aggregation of claims are lessened in the class action context."). Because SPA must already come to this forum to litigate the claims of the Swinter, the Court finds there is little hardship, as a jurisdictional matter, for it to also litigate the nationwide class claims. Therefore, it promotes efficiency and expediency to litigate all claims at once rather than to separate the nationwide class. *See Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1366 (N.D. Ga. 2018) ("Because of the unitary nature of that class claim, the Court perceives no unfairness in haling the defendant into court to answer to it in a forum that has specific jurisdiction over the defendant based on the representative's claim.").

Finally, in denying this motion, the Court notes that Congress created class actions to help "overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (internal quotation marks omitted). "The Court is reluctant to believe that the Supreme Court's 'straightforward application ... of settled principles of personal jurisdiction' in [*BMS*] requires a substantial limiting of that valuable tool." *Morgan*, 2018 WL 3580775, at *6. Accordingly, the Court follows the better reasoned decisions declining to extend *BMS* to class actions and denies Defendant's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Service of Process Agents, Inc.'s Motion to Dismiss National Class Allegations for Lack of Personal Jurisdiction (ECF No. 35) is **DENIED**.

Dated this 18th day of January, 2019.

                                                  **RONNIE L. WHITE**
                                                  **UNITED STATES DISTRICT JUDGE**